
UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HARMEET KAUR; SUMIT KUMAR;
P.K.,

               Petitioners,

  v.

PAMELA BONDI, Attorney General,

               Respondent.

No. 24-2614

Agency Nos.
A246-269-675
A246-269-674
A246-269-676

ORDER

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Respondent Pamela Bondi's petition for panel rehearing (Dkt. No. 41) is GRANTED. The final paragraph of the memorandum disposition filed July 18, 2025, is hereby amended to read:

Because none of the adverse credibility grounds that the agency relied on for either Kaur or Kumar are supported by substantial evidence, we grant the petition for review and remand on an open record for the agency to redetermine Kaur and Kumar's credibility. *See Soto-Olarte*, 555 F.3d at 1095–96 (remanding on an open record).

No further Petitions for Rehearing will be entertained.

FILED

UNITED STATES COURT OF APPEALS

JAN 2 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARMEET KAUR; SUMIT KUMAR; P.K., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2614 <br><br> Agency Nos. <br> A246-269-675 <br> A246-269-674 <br> A246-269-676 <br><br> AMENDED MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Harmeet Kaur, her husband Sumit Kumar, and their minor child P.K.,

natives and citizens of India, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ")

decision denying their applications for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual

findings, applying the standards governing adverse credibility determinations

under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.

2010).  We grant the petition for review and remand to the agency because

substantial evidence does not support the agency's adverse credibility

determination for either Kaur or Kumar.

I

We begin with the adverse credibility determination for Kumar.  This

determination cannot stand because the agency (1) did not give Kumar a chance to

explain any of the grounds it relied on, and (2) did not explain how problems with

Kaur's testimony undermined Kumar's credibility.  *See id.* at 1044.

The BIA broadly stated that it found no clear error in the IJ's reliance on

"the respondents' lack of detail and specificity, inconsistencies, evasiveness, and

lack of plausibility."  But the section of the IJ's opinion that the BIA cites refers to

such problems with the "respondent's" testimony—referring in the singular to the

lead respondent, Kaur, not to Kumar.  Other portions of the IJ's opinion discuss

---

[1]     Harmeet Kaur is the lead respondent.  Her husband, Sumit Kumar, is listed
as a derivative beneficiary on her application and also filed a separate asylum
application based on the same facts.  P.K is a derivative beneficiary on both Kaur
and Kumar's applications.  The agency considered the family's applications
together and we do the same here.

Kumar's credibility and explicitly indicate only two grounds that apply to Kumar: the implausibility that the police wanted Kumar to join the Bharatiya Janata Party ("BJP"), and inconsistencies in medical records that were in English and contained an incorrect name. The only ground the BIA specifically discusses as involving Kumar is the inconsistencies in medical records.[2]

The two specific reasons given by the agency for the implausibility and inconsistency grounds cannot support an adverse credibility determination because Kumar was not given an opportunity to explain either one. *See Lalayan v. Garland*, 4. F.4th 822, 836 (9th Cir. 2021) (holding "an IJ must provide a witness an opportunity to explain a perceived implausibility during the merits hearing"); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009) (holding an adverse credibility determination was not supported by substantial evidence "[b]ecause the IJ did not offer [the petitioner] an opportunity to explain the inconsistencies on which she later relied in finding him not credible"). Neither the IJ nor the government asked Kumar why the police wanted him to join the BJP, or

---

[2] The BIA may nevertheless have incorporated the IJ's implausibility finding against Kumar because it referred generally to "respondents' . . . lack of plausibility" and earlier cited to the IJ's entire adverse credibility determination when concluding there was no clear error. We reach this ground because we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion" but note that the BIA could have been clearer in "explicitly identif[ying]" the reasons it relied on. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 553 F.3d 1044, 1051 (9th Cir. 2008)).

any questions about the medical records. The government only asked Kumar, "why were the police and BJP looking for you?"

Further, neither the BIA nor the IJ provided "specific and cogent reasons," *Shrestha*, 590 F.3d at 1042, as to why certain issues with Kaur's testimony undermined Kumar's credibility, including (1) Kaur's lack of detail and specificity, evasiveness and lack of responsiveness regarding the police incident at the family's home, and (2) Kaur's implausible testimony about her religious persecution. Inconsistencies in one petitioner's testimony may bear on the credibility of another petitioner, as a matter of "determining how the evidence fits together," but the agency must still explain its reasons. *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010). Because we review only "the actual reasons relied upon for the adverse credibility determination" and the agency did not identify any "specific and cogent reasons" to find Kumar not credible, the agency's adverse credibility determination for Kumar is not supported by substantial evidence. *Id.* at 1055.

## II

The adverse credibility determination for Kaur also is not supported by substantial evidence because the agency's findings contradict the record and the agency failed to provide specific and cogent reasoning.

First, the BIA and the IJ found that Kaur's testimony about the incident where police vandalized her family's home and assaulted Kaur and Kumar was

lacking in detail and specificity, and that Kaur was evasive and not responsive. The IJ's findings, affirmed and incorporated by the BIA, mischaracterize the record. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (reversing an adverse credibility determination that "rested largely on mischaracterizations of [the petitioner's] testimony that are belied by the record").

The IJ concluded that Kaur "could not" state "who was at the house, who opened the door for the police, and where various members of the family were located within the house during the encounter." But Kaur testified that she was in a room with her children, that her husband was on the balcony, and that her husband's mother and father were also at home. Kaur explained that she did not know where her husband's mother and father were located in the house, or who opened the door for the police because she was in another room, and when she came out of the room to see police breaking items in her home, she did not see her husband's mother and father and was scared. The IJ erred by not addressing Kaur's explanations and incorrectly stating that Kaur "could not" provide details that she actually provided. *See Munyuh v. Garland*, 11 F.4th 750, 762 (9th Cir. 2021) (holding an "IJ committed legal error in failing to give specific, cogent reasons for rejecting [the petitioner's] plausible explanations for" certain "discrepancies" in the petitioner's testimony).

The IJ also found that Kaur was not responsive to questioning about whether the police said anything when they entered the home.[3] The record shows, to the contrary, that Kaur did respond to questions about what the police said. Kaur first told the government that "[a]s soon as [the police] came inside, they started breaking things." When the government asked again if the police said anything, Kaur explained, "I don't remember . . . because I was scared." Kaur gave a similar answer when the IJ asked if she recalled the police saying anything, stating "[t]hey might have said something but because I was scared I do not remember what they said." Kaur responded to the government's and IJ's questions, and was not unresponsive merely because she did not remember. *See Shrestha*, 590 F.3d at 1044–45 (an adverse credibility determination must "recognize that the normal limits of human . . . memory may make . . . lack of recall present in any witness's case"). Accordingly, to the degree the agency relied on Kaur's lack of detail and lack of responsiveness in her testimony about the police incident at her home, these grounds are not supported by substantial evidence.

---

[3]    It is not clear whether what the IJ characterized as "evasive" and a "lack of responsiveness" was a type of demeanor finding, but in any case the finding is not entitled to "special deference" because it is based on verbal, not non-verbal, factors. *Lalayan*, 4 F.4th at 839 (holding "the 'special deference' we accord to an IJ's demeanor findings only applies to 'non-verbal, and therefore non-textual, factors'" (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005))).

Next, the agency noted "inconsistencies" in medical records submitted by Kaur and Kumar that are in the English language and contain an incorrect name. The agency found that Kaur and Kumar had not adequately explained why the records would be issued in English, when neither of them speak English and Kaur testified that they spoke to their doctor in Hindi. Kaur explained that there are people in the region who speak Punjabi and English, as well as Hindi. The IJ seems to have assumed that the doctors Kaur and Kumar went to must keep medical records in the same language that they speak to each patient in. But the IJ pointed to no record evidence about what language medical records in India are kept in. As such, the IJ's finding "rests on speculation as to what the document[s] should look like," which cannot support an adverse credibility determination. *Lin v. Gonzales*, 434 F.3d 1158, 1163 (9th Cir. 2006); *see also Lalayan*, 4 F.4th at 837 (an implausibility finding cannot rely on "unreasonable assumptions or be untethered from the evidence in the record").

The record does show that one of the medical documents contains an error. A record for Kaur's husband correctly lists the patient's name as "Sumit Kumar," but then contains a line for "Husband's Name" that lists Kumar's father, "Prithvi Singh." Kaur and Kumar's counsel explained the error as a "typo mistake," and the IJ did not address this explanation except to say it "does not allay the court's concerns." In any case, the error is the type of "trivial error" that cannot provide

substantial evidence for an adverse credibility finding. *Shrestha*, 590 F.3d at 1044. Accordingly, to the degree the agency relied on inconsistencies in the medical records, these grounds do not support the agency's adverse credibility finding.

Finally, the IJ relied on several implausibilities, none of which were adequately supported by the record. First, the IJ held it was implausible "that the police wanted [Kumar] to join the BJP." The IJ did not provide specific and cogent reasons why this would be implausible. To the degree that the IJ indicated it was implausible that the BJP would want someone from a lower caste to work for the party, Kaur explained that the BJP "wanted [Kumar] in their support so the BJP party can grow." The IJ failed to address Kaur's explanation, and accordingly this adverse credibility ground rests on "unwarranted assumptions that are untethered from evidence in the record." *Lalayan*, 4 F.4th at 837.

Second, the IJ found it implausible that Kaur would be persecuted for her religion because Kaur and Kumar were married for seven years before they had any issues and Kaur testified that she practiced both the Sikh and Hindu religions. Kaur explained that people in her Sikh community did not want her to marry a Hindu man. The IJ's reasoning again rests on "unwarranted assumptions" and is "based not on common sense but rather on cultural differences" as to the IJ's view of how Kaur's Sikh community would regard a woman who practices both Sikh

and Hindu religions.  *Id.*  The IJ's implausibility findings are thus not supported by substantial evidence.[4]

## III

Because none of the adverse credibility grounds that the agency relied on for either Kaur or Kumar are supported by substantial evidence, we grant the petition for review and remand on an open record for the agency to redetermine Kaur and Kumar's credibility.  See Soto-Olarte, 555 F.3d at 1095–96 (remanding on an open record).

No further Petitions for Rehearing will be entertained.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[4]     The IJ relied on two additional grounds: that Kaur did not adequately explain why Kumar's mouth injury was not addressed in medical records and that it was implausible that the police ran away when Kaur's neighbors came to the house.  The BIA did not hold that these findings were clearly erroneous, but noted that these grounds were "minor in nature," Kaur and Kumar's "explanation [sic] are reasonable" and that the adverse credibility finding would stand without these grounds.  We do not analyze these grounds further because, following the BIA's reasoning, these two grounds are not enough on their own to support an adverse credibility determination and we find that no other grounds are supported by substantial evidence.